# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-922V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| L.R., by and through his parent and natural guardian, MICHELE BAXTER, | * * * | |
| Petitioner, | * * | Special Master Jennifer A. Shah |
| v. | * * | Filed: November 22, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |
| * * * * * * * * * * * * * * | | |

*Maximillian J. Muller,* Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Madelyn Weeks,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 2, 2016, Michele Baxter ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program[2] ("the Vaccine Program"), on behalf of her minor grandson, L.R. Pet., ECF No. 1. The petition alleges that L.R. developed anti-N-methyl-D-aspartate receptor ("anti-NMDAR") encephalitis as a result of the measles-mumps-rubella ("MMR"), tetanus-diphtheria-acellular pertussis ("Tdap"), hepatitis B, inactivated poliovirus ("IPV"), and varicella vaccines he received on August 4, 2014. *See id.* On March 28, 2024, former

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Special Master Katherine E. Oler issued a decision denying entitlement and dismissing the petition. ECF No. 85.

On May 2, 2024, Petitioner filed an application for final attorneys' fees and costs ("Fees App."). ECF No. 90. Petitioner requests total attorneys' fees in the amount of $13,624.90. Fees App. at 2. Petitioner indicates that she personally has not incurred any costs related to the prosecution of her petition. *Id*. at 2. Petitioner does not request reimbursement for any additional attorneys' costs. Respondent responded to the motion ("Fees Resp.") on May 7, 2024, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Fees Resp. at 2-3 (ECF No. 91). Petitioner did not file a reply.

This matter is now ripe for consideration.

**I.    Reasonable Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, I am satisfied that good faith and reasonable basis have been met in the instant case. Respondent has also indicated he is satisfied that good faith and reasonable basis have been met. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *See, e.g., Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

**a.    Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for her attorney, Mr. Max Muller: $400.00 per hour for work performed in 2022, $425.00 per hour for work performed in 2023, and $450.00 per hour for work performed in 2024. These rates are consistent with what counsel as

2

previously been awarded, and I find them to be reasonable herein. *See, e.g., Marshall v. Sec'y of Health & Hum. Servs.,* No. 21-1445V, 2024 WL 3407635 (Fed. Cl. Spec. Mstr. June 11, 2024); *Portee v. Sec'y of Health & Hum. Servs.,* No. 22-691V, 2024 WL 2076742 (Fed. Cl. Spec. Mstr. Apr. 8, 2024).

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $13,624.90.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and find that Petitioner's request for attorneys' fees is reasonable. I will compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $13,624.90 |
| --- | --- |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$13,624.90** |
|  |  |
| **Total Amount Awarded** | **$13,624.90** |

**Accordingly, I award a lump sum in the amount of $13,624.90 representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's attorney, Maximillian J. Muller, Esquire.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/ Jennifer A. Shah
Jennifer A. Shah
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).